United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL I. GOLDBERG, as Trustee of the GWG LITIGATION TRUST, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-26-7253 |
| v. | § § | |
| HOLLAND & KNIGHT LLP AND WILLIAM ("BILL") BANOWSKY, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is an appeal in an ongoing bankruptcy case. The Trustee of the GWG Litigation Trust filed an adversary proceeding against Holland & Knight and one of its lawyers, William Banowsky, alleging claims under both federal and state law arising from their participation in an allegedly fraudulent scheme to "extract over $100 million from GWG Holdings, Inc.," the bankruptcy debtors. (Docket Entry Nos. 2, 2-2)[1]. In a thorough opinion, the bankruptcy court denied Holland & Knight's and Banowsky's motion to dismiss. (Docket Entry No. 2-2). Holland & Knight and Banowsky now seek leave to appeal that interlocutory ruling under the collateral order doctrine or 28 U.S.C. § 1292(b). (Docket Entry No. 2). The Trustee opposes the motion for leave, arguing that the bankruptcy court's rulings do not meet the demanding criteria for appeal from an interlocutory order. (Docket Entry No. 8).

Based on the motion, the response, the bankruptcy court's opinion, the oral argument, and the applicable law, the court denied the motion for leave to file an interlocutory appeal, (Docket

[1] The court refers to Docket Entry No. 2's Exhibit B, the bankruptcy court's memorandum opinion, as Docket Entry 2-2. The bankruptcy court's memorandum opinion is Docket Entry No. 50 in Case No. 25-03064 on the bankruptcy court's docket.

Entry No. 2), and granted the motion dismissing the appeal, (Docket Entry No. 8). This opinion sets out the reasons in detail. The motion to stay, (Docket Entry No. 15), is denied as moot.

## I. Background

Holland & Knight and Banowsky sought leave to appeal the bankruptcy court's order denying their motion to dismiss the Trustee's RICO, fraud, breach of fiduciary duty, conspiracy, and negligent misrepresentation claims. (Docket Entry No. 2). The parties agreed that the interlocutory appeal requirements are strict in order to protect the final-judgment rule. (Docket Entry Nos. 2, 8). The parties disputed whether Holland & Knight and Banowsky met those requirements as to the parts of the bankruptcy court's rulings that they sought leave to appeal. (*Compare* Docket Entry No. 2, *with* Docket Entry No. 8).

Holland & Knight and Banowsky sought dismissal on the grounds that the Trustee lacked standing; that the law firm and lawyer had immunity under the Texas attorney-immunity doctrine; that limitations barred the claims; that the RICO claims are barred by the PSLRA; and that the Trustee had failed to state a claim. (Docket Entry No. 2). The bankruptcy court held that because the law firm and lawyer were not creditors, the plan's blanket reservation of "any claim [or] cause of action …pursuant to any [] theory of law" encompassed the claims brought against them. (Docket Entry No. 2-2). The bankruptcy court explained that this "general reservation is sufficient to retain claims against the non-creditor Defendants, regardless of whether it would meet *United Operating*'s 'clear and unequivocal' standard." (*Id.* at 18–19). The bankruptcy court also held that the Trustee's claims were not barred by the Texas common-law doctrine of attorney immunity, on several grounds, including that the complaint plausibly alleged that the lawyer defendant engaged in acts that were not legal services and that he had engaged in fraudulent "conduct foreign to the duties of an attorney." (*Id.* at 31). The bankruptcy court ruled that the complaint allegations were

sufficient to survive dismissal, because the "Defendants have not met their heavy burden to establish entitlement to immunity on the face of the Complaint." (*Id.* at 36).

The bankruptcy court's rulings were limited. The court ruled only on threshold issues of immunity and standing, not on the merits of the claims or defenses. (*See* Docket Entry No. 2-2). The court ruled only on the pleadings, not on evidence that the parties may present at summary judgment or at trial. Against that backdrop, this court ruled on the motion for leave to appeal the denial of the motion to dismiss under 28 U.S.C. § 158(a)(1), the collateral-order doctrine, and 28 U.S.C. § 158(a)(3).

## II. Analysis

A federal district court has jurisdiction to hear appeals—and an aggrieved litigant may appeal as of right—from the "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). Some non-final orders are appealable as of right under the collateral-order doctrine. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949). If neither route is viable, a district court, in its discretion, may grant leave to hear an interlocutory appeal from the bankruptcy court. *In re Ichinose*, 946 F.2d 1169, 1176–77 (5th Cir. 1991).

### A. Final Orders

"A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding; rather, an order must constitute either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case for the order to be considered final." *In re Tullius*, 500 F. App'x 286, 290 (5th Cir. 2012) (per curiam) (cleaned up). "The conclusion of a discrete judicial unit in the larger case, rather than the conclusion of the entire litigation, results in a final appealable order." *In re Kizzee-Jordan*, 626 F.3d 239, 242 (5th Cir. 2010) (cleaned up). "In the bankruptcy context,

however, the relevant 'judicial unit' for application of the finality rule is not the overall bankruptcy case, 'but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition.'" *In re Tri-Valley Distrib., Inc.*, 533 F.3d 1209, 1213–14 (10th Cir. 2008) (per curiam) (quoting *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990)); *see also In re Holloway*, 370 F. App'x 490, 492 (5th Cir. 2010) (per curiam) ("Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." (quoting *In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992))).

The movants argued "that no leave is required" and that the bankruptcy court's order was "appealable as of right under 28 U.S.C. § 158(a)(1) and the collateral-order doctrine." (Docket Entry No. 1–2 n.1). But the bankruptcy court's "[o]rder was a non-final interlocutory decision[.]" (Docket Entry No. 8 at 10–11). "It is well settled than an order denying a motion to dismiss is interlocutory." *See, e.g.*, *Jenkins v. Fava*, 664 F. Supp. 3d 674, 676 (N.D. Miss. 2023) (noting that the order denying dismissal was not appealable as of right) (citing *Morin v. Caire*, 77 F.3d 116, 119–20 (5th Cir. 1996)). The movants "based their entitlement under [28 U.S.C.] § 158(a)(1)" nearly "entirely on the collateral-order doctrine[,]" (*see* Docket Entry No. 8 at 11.

**B. The Collateral-Order Doctrine**

"The collateral order doctrine is best understood not as an exception to the final decision rule laid down by Congress in § 1291, but as a practical construction of it." *Martin v. Halliburton*, 618 F.3d 476, 482 (5th Cir. 2010) (internal quotations omitted) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). The doctrine encompasses "a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (cleaned up). The doctrine applies to

claims that "are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Martin*, 618 F.3d at 482 *809 (cleaned up) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). "[T]he class of collaterally appealable orders must remain 'narrow and selective in its membership.'" *Mohawk*, 558 U.S. at 113 (quoting *Will*, 546 U.S. at 349).

There are three requirements for interlocutory appeal under the collateral-order doctrine: the order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 349 (cleaned up). The class of claims to which the challenged order belongs, rather than the individual claim and its particular circumstances, must satisfy these three requirements. Courts are not to "engage in an individualized jurisdictional inquiry." *Mohawk*, 558 U.S. at 107 (cleaned up); *see also Martin*, 618 F.3d at 483 ("[W]e proceed on a categorical basis, looking only at whether 'the class of claims, taken as a whole, can be vindicated by other means' than immediate appeal" (quoting *Mohawk*, 558 U.S. at 107)).

Of these three requirements, the *Mohawk* Court emphasized the third, explaining that the "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk*, 558 U.S. at 107 (quoting *Will*, 546 U.S. at 352–53). The third requirement does not focus on "whether an interest is important in the abstract." *Id.* at 108. Instead, the question "is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Id.* Courts "routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system." *Id.* at 108–09.

### 1. The Attorney-Immunity Ruling

An attorney-immunity ruling usually does not meet the collateral-order doctrine's requirements. First, whether the attorney work at issue is of a nature and type that would trigger immunity is a fact-bound issue that will need to be litigated in the adversary proceeding. Second, and relatedly, an attorney-immunity ruling is usually not suitable for determination at the pleading stage. *See Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017) ("Without more information about the scope of Nichamoff's representation of Rembach, he cannot conclusively establish at this [motion-to-dismiss] stage that the conduct alleged by Kelly fell within it."). Instead, attorney immunity is usually intertwined with the merits of the liability claims, making interlocutory review under the collateral order doctrine inappropriate. *United States v. Collett*, No. 23-30187, 2024 WL 448358 at *3 (5th Cir. Feb. 6, 2024) ("In order for an issue to be immediately appealed, it must be separate from the merits of the case.").

Third, attorney immunity is reviewable on appeal from a final judgment. Attorney immunity, as the Trustee points out, is not an immunity from suit. Instead, it is an immunity from liability. *See, e.g.*, *United States ex rel Doe v. Planned Parenthood Fed'n of Am., Inc.*, 187 F.4th 211, 214 (5th Cir. 2026) (en banc) (holding that the court "lack[ed] jurisdiction to consider th[e] interlocutory appeal" involving attorney immunity); *see also id.* at 215 ("We must . . . view claims of a right not to be tried with skepticism . . . ." (internal quotation marks omitted)); *see also id.* ("We therefore . . . cannot make the *Erie* guess that Texas law provides attorneys the broadest possible protection from suit."); *cf. Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 991–92 (5th Cir. 1999).

The movants have not shown that the attorney-immunity ruling meets the standard for interlocutory appeal under the collateral-order doctrine.

### C. The Standard for Granting Leave for an Interlocutory Appeal

"Most district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, No. BR 23-90085, 2025 WL 933723, at *5 (S.D. Tex. Mar. 27, 2025) (citing *In re Ichinose*, 946 F.2d at 1177); *see also In re Hallwood Energy, L.P.*, No. 3:12-CV-1902-G, 2013 WL 524418, at *2–3 (N.D. Tex. Feb. 11, 2013); *Powers v. Montgomery*, No. 3:97-CV-1736-P, 1998 WL 159944, at *2 (N.D. Tex. Apr. 1, 1998). Many district courts conclude that "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc., Ltd.*, No. CIV.A.C-07-123, 2007 WL 1644060, at *5 (S.D. Tex. June 4, 2007). "Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances." *In re Royce Homes LP*, 466 B.R. at 94.

"Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark–Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "[F]act-review questions" are "inappropriate for § 1292(b) review." *Id.*

#### 1. The Attorney-Immunity Ruling

Holland & Knight and Banowsky have not shown that the immunity ruling they seek to appeal meets the § 1292(b) standard used to assess permissive appeals from interlocutory orders under § 158(a)(3). As the Trustee and the bankruptcy court's opinion point out, even if the Texas-

law immunity ruling was reversed, the Trustee's claims are not limited to Texas-law claims. (Docket Entry Nos. 2-2, 8). Rather, the Trustee has also asserted claims under federal law and Delaware law, which would need to be litigated in the adversary proceeding. (Docket Entry No. 8). Because an interlocutory appeal from that ruling would not materially advance the litigation, an interlocutory appeal from that ruling is inappropriate. *Indian Harbor Ins. Co. v. Satterfield & Pontikes Const., Inc.*, No. CIV.A. H-10-4681, 2011 WL 4729868 at * 3 (S.D. Tex. Oct. 6, 2011) (Denying interlocutory appeal when "[f]inal disposition of [the] case will still require a final ruling").

The movants have not met the "exceptional" standard required for § 1292(b) appeals. *See Clark-Dietz & Assocs.*, 702 F.2d at 69; *see also Tesco Corp. v. Weatherford Intern., Inc.*, 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010) ("[T]he decision to permit interlocutory appeal is firmly within the district court's discretion." (citation omitted)).

**2. The Standing Ruling**[2]

Holland & Knight and Banowsky seek an interlocutory appeal from the bankruptcy court's denial of their motion to dismiss on the ground that the Trustee lacked standing to bring the claims. Holland & Knight moved to dismiss on the ground that the claim-retention language in the plan did not meet the "specific and unequivocal" standard from *Dynasty Oil & Gas, L.L.C. V. Citizens Bank* (*In re United Operating, L.L.C.*), 540 F.3d 351, 355 (5th Cir. 2008). The bankruptcy court denied that motion to dismiss, ruling that the "specific and unequivocal" standard did not apply when the Trustee sues a non-creditor. (Docket Entry No. 2-2). The bankruptcy court held that the

[2] The movants acknowledge that they "did not claim that the standing ruling is itself a collateral order." (Docket Entry No. 13 at 3). Instead, the movants argue that the bankruptcy court's standing ruling was incorrect. (*See id.* at 13–14). This court observes no legitimate justification to depart from the bankruptcy court's thorough standing analysis. (Docket Entry No. 2-2).

confirmed plan's blanket reservation of "any claim [or] cause of action" retained the Trustee's claims against non-creditors and established his standing to pursue those claims. (*Id.*).

Holland & Knight and Banowsky seek leave to appeal the holding that the reservation language gave the Trustee standing to pursue his claims against non-creditor defendants. Holland & Knight and Banowsky point to the bankruptcy court's acknowledgment that the sufficiency of claim-retention plan language is an "open question" in the Fifth Circuit, citing *Adler v. Frost* (*In re Gulf States Long Term Acute Care of Covington, L.L.C.*), 614 F. App'x 714, 718 (5th Cir. 2015).

The Trustee responds that the standing ruling satisfies none of the requirements for interlocutory review. (Docket Entry No. 8). First, although the bankruptcy court described the issue of the specificity of claim retention language as "open" in the Fifth Circuit, that is not the same as a showing of a substantial ground for a difference of opinion on that issue. *See In re Flor,* 79 F.3d 281, 284 (2d Cir.1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial difference of opinion." (citations omitted)).

The denial of the motion to dismiss for lack of standing is not effectively unreviewable on appeal from a final judgment. It can be raised on appeal from the bankruptcy court's final judgment in the adversary proceeding. Nor will granting an interlocutory appeal on this ruling materially advance the litigation. Even if the standing ruling were reversed, the breach of fiduciary duty claim would need to be tried in the adversary proceeding. The trial would be about the same transactions and conduct that are the basis of the challenge to the Trustee's standing. The requirements for an interlocutory appeal of this ruling are not met. *See Tesco Corp.*, 722 F. Supp. 2d at 766.

## III. Conclusion

Counsel for both the Trustee and the movants filed excellent briefs and presented excellent arguments. After careful consideration of the briefs and arguments, and of the bankruptcy court's opinion, this court denies the motion for leave to file an appeal, (Docket Entry No. 2), and grants the motion dismissing the appeal, (Docket Entry No. 8). The motion to stay, (Docket Entry No. 15), is denied as moot.

SIGNED on October 21, 2026, at Houston, Texas.

Lee H. Rosenthal

Lee H. Rosenthal
Senior United States District Judge